IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC M. PACHECO,

    Plaintiff,

v.                                        Case No. 1:24-cv-01050-LF-JMR

NEW MEXICO CORRECTIONS DEPARTMENT,
WEXFORD HEALTH SOURCES, INC.,
JOHN OR JANE DOES 1-10, ALISHA TAFOYA,
EDUARDO CASTREJON MD,

    Defendants.

**ORDER GRANTING MOTIONS TO AMEND**

This matter comes before the Court on Plaintiff Eric Pacheco's Second Motion for Leave to File an Amended Complaint, filed July 22, 2025 (Doc. 47) ("Second MTA") and Third Motion for Leave to File an Amended Complaint, filed September 3, 2025 (Doc. 54) ("Third MTA"). The Second MTA seeks in relevant part to name a new defendant who was previously identified as Jane Doe, and the Third MTA seeks in relevant part to name another Doe defendant and to bring two new causes of action: negligent maintenance of medical records, Doc. 54-1 at 37, and spoliation of evidence, *id.* at 39. Having reviewed the parties' briefing and the applicable law, the Court GRANTS the motions for the reasons below.

**BACKGROUND**

On June 3, 2024, Mr. Pacheco filed his original complaint in New Mexico state court. Doc. 1-2. He alleged that in June 2022, he was an inmate at Southern New Mexico Correctional Facility ("SNMCF"), where he reported severe back pain but received grossly inadequate medical care. *Id.* at 5–7. When he eventually was diagnosed with an extensive back infection, he

was admitted to Las Palmas Medical Center in El Paso, Texas, where he received emergency surgery on June 25, 2022. *Id.* at 7. At that time, he had a "profoundly debilitat[ing]" abscess of his skin and spinal cord as well as a lumbar epidural abscess and wrist wounds. *Id.* Over a gallon of infected pus was drained from his spinal column. *Id.* at 8. He alleges that the untreated infection caused "extensive and lifelong damage" and permanent disability. *Id.* at 9.

Mr. Pacheco's original complaint brings the following causes of action: 1) deliberate indifference to his medical needs in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983, 2) medical malpractice against the Wexford Health Sources ("Wexford") medical staff for failing to provide him adequate care, 3) respondeat superior and agency claims against Wexford and the New Mexico Corrections Department ("NMCD") for the negligence of the medical staff, 4) violation of his civil rights under the Eighth or Fourteenth Amendment pursuant to § 1983 and Article II, Section 13 of the New Mexico Constitution, and 5) negligent hiring, training, and supervision by Wexford. *Id.* at 9–21.

On October 16, 2024, Defendant NMCD removed the case to federal court. Doc. 1. Mr. Pacheco moved to amend his complaint on March 12, 2025. Doc. 29. This amendment incorporated additional facts and clarified the complaint. *Id.* at 1. Mr. Pacheco's claims became the following: 1) deliberate indifference to his medical needs in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983, 2) medical malpractice against the Wexford medical staff for failing to provide him adequate care and against Wexford through respondeat superior, 3) violation of the New Mexico Constitution, Article II, Section 13, via the New Mexico Civil Rights Act ("NMCRA") Section 41-4A-3 NMSA, and 4) negligent hiring, training, supervision, and retention by Wexford. *Id.* at 23–33. Noting that the motion to amend was unopposed, the Court granted leave to amend on April 11, 2025. Doc. 30 at 1.

2

In his Second MTA, Mr. Pacheco moves to amend to add the names of a medical provider and various correctional officers who previously were identified as John or Jane Does. Doc. 47 at 2. Wexford opposed the Second MTA as futile, untimely, and unduly prejudicial because the statute of limitations has expired as to the medical provider. Doc. 49 at 1, 4–5. NMCD did not oppose the Second MTA. Doc. 47 at 3.

In his Third MTA, filed September 3, 2025, Mr. Pacheco moves to amend based on new information revealed in discovery on August 18, 2025. Doc. 54. In addition to the changes discussed in the Second MTA, he seeks to add two new causes of action: negligent maintenance of medical records and spoliation of evidence. Doc. 54-1 at 37, 39. He also seeks to add new defendants, including another medical provider, Eugenia Manrique. *See id.* at 3. Wexford opposed the Third MTA as futile, untimely, and unduly prejudicial. Doc. 65 at 1, 5–6. NMCD took no position on the Third MTA. Doc. 54 at 4.

## DISCUSSION

### I. Second MTA

**A. Substitutions of John Doe defendants can qualify for relation back.**

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its pleading with the court's leave, which the court should give "freely" "when justice so requires." However, a court should deny leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010). Here, Wexford argues that amendment would be futile because the statute of limitations has expired. Doc. 59 at 1–2. Mr. Pacheco's claims arise under Section 1983, which has a three-year statute of limitations pursuant to NMSA § 37-1-8, *see Mondragon v. Thompson*,

519 F.3d 1078, 1082 (10th Cir. 2008) (statute of limitations for Section 1983 claims is drawn from state personal-injury statute); the New Mexico Tort Claims Act ("NMTCA"), which has a two-year statute of limitations pursuant to NMSA § 41-4-15;[1] and the NMCRA, which has a three-year statute of limitations pursuant to NMSA § 41-4A-7. He also brings claims for medical malpractice, which has a statute of limitations of up to three years. NMSA § 41-5-13. Since he alleges that his injuries occurred in June 2022, his tort claims expired in June 2024, and his Section 1983, NMCRA, and medical malpractice claims expired in June 2025. He moved to amend on July 22, 2025, after both of those deadlines. Doc. 47.

Adding a new defendant with no notice of the original action creates a new cause of action. *Glasser v. King*, 721 F. App'x 766, 772 (10th Cir. 2018). This includes John Doe substitutions: the Tenth Circuit has held that substituting named defendants for the original John Doe defendants "amount[s] to adding a new party." *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). But not every amendment adding new claims or parties after the close of the limitations period is fatal. Rule 15(c) allows an amendment to "relate back to the date of the original pleading" when the law providing the applicable statute of limitations allows relation back, the amendment's claims and defenses arose out of the same transaction or occurrence as articulated in the original pleading, and certain notification requirements are met. The notification requirements allow a change in the naming of the party against whom a claim is asserted

> if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew

---

[1] Wexford's healthcare practitioner employees have been considered public employees subject to the NMTCA in other cases in this district. *See Bradshaw v. Mgmt. & Training Corp.*, No. 1:22-cv-00139 MIS-LF, 2023 WL 5934397, at *11 (D.N.M. Sept. 12, 2023); *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1207, 1219 (D.N.M. 2010) (Browning, J.).

4

or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1)(C).

Because "[a] plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule 15(c)(3) was meant to address," the Tenth Circuit held that the identification of a John Doe defendant in an amended complaint did not relate back to the date the original complaint was filed. *Id.* at 697. That is, under *Garrett*, substitutions of named defendants for John Does were categorically ineligible for relation back because they did not qualify as "mistake[s]" under Rule 15(c)(1)(C)(ii).

A few years after the Tenth Circuit's ruling, the Supreme Court issued *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010). This case addressed the issue of relation back. In it, the plaintiff had filed suit against a cruise company for personal injuries. *Id.* at 541–42. Her ticket indicated that the carrier was "Costa Crociere S.p.A.," but stated that the "sales and marketing agent" for the carrier and "issuer of this Passage Ticket Contract" was Costa Cruise Lines N.V. ("Costa Cruise"), which had its address in Florida. *Id.* at 542. The plaintiff filed suit against Costa Cruise, and many sources of information suggested that Costa Cruise was the responsible party: the travel documents included the Florida address for Costa Cruise, Costa Cruise's website "listed Costa Cruise in Florida as the United States office for the Italian company Costa Crociere," and the Florida Department of State "listed Costa Cruise as the only 'Costa' company registered to do business in that State." *Id.* at 544. After the limitations period expired, Costa Cruise repeatedly brought Costa Crociere's existence to the plaintiff's attention through litigation documents, including by moving for summary judgment because Costa Crociere, rather than Costa Cruise, was the proper defendant. *Id.* at 543. The district court denied the motion for summary judgment without prejudice, granted the plaintiff leave to amend, and ordered the

5

plaintiff to effect proper service on Costa Crociere, which the plaintiff did. *Id.* at 544. After Costa Crociere entered the case, the parties jointly stipulated that Costa Cruise could be dismissed from the litigation. *Id.* at 545. Costa Crociere then moved to dismiss claiming that the complaint did not relate back under Rule 15(c), the statute of limitations had passed, and the complaint therefore was untimely. *Id.*

The Supreme Court held that even though the plaintiff had known of the existence of Costa Crociere because it was the carrier identified on her cruise ticket, she still made a "mistake" by naming the wrong Costa party. *Id.* at 548–49. The Court held that the only relevant question to relation back was whether the prospective defendant knew or should have known it would have been named as a defendant if not for an error, not what the plaintiff knew or should have known. *Id.* at 548.

Notably for the purposes of the present case, the *Krupski* Court did not address John Doe defendants. Lower courts have been divided in their handling of this issue. One body of persuasive authority, comprised most notably (but not exclusively) of the Third Circuit as well as several district courts within the Districts of New Mexico and Colorado, holds that pursuant to *Krupski*, an amendment replacing a John Doe defendant with the name of the relevant defendant can relate back to the date of the original pleading if the notice requirements otherwise are met. *See Rivera v. New Castle Cnty. Police Dep't*, 152 F.4th 147, 152–53 (3d Cir. 2025); *Garcia v. Bd. of Cnty. Comm'rs of Cnty. of Bernalillo*, No. 1:09-cv-00433-BB-WDS, 2010 WL 11618983, at *7–8 (D.N.M. Nov. 30, 2010) (Black, J.); *Hicks v. Bd. of Cnty. Comm'rs of Cnty. of Otero*, No. 2:18-cv-00850-DHU-JFR, 2022 WL 2122210, at *8–9 (D.N.M. Jan. 19, 2022) (Robbenhaar, J.) (report and recommendations adopted by Urias, J., *Hicks v. Bd. of Cnty. Comm'rs of Cnty. of Otero*, No. 2:18-cv-00850-DHU-JFR, 2022 WL 1439146 (D.N.M. May. 6, 2022)); *Harrison v.*

*Wellpath, LLC*, No. 1:21-cv-00395-KWR-JFR, 2024 WL 964234, at *6 (D.N.M. Mar. 6, 2024) (conducting relation back inquiry for John Doe defendants outside the statute of limitations but determining that defendants' knowledge was lacking, making relation back inappropriate); *Cordero v. Froats*, No. 2:13-cv-00031-SMV-GBW, 2016 WL 7426575, at *10–11 (D.N.M. May 20, 2016) (Herrera, J.) (same); *Vigil v. Laurence*, 524 F. Supp. 3d 1120, 1126–27 (collecting cases within the District of Colorado in support of the conclusion that *Krupski* abrogates *Garrett* and holding that *Krupski* and public policy counseled in favor of relation back in this pro se case at the pleading stage). Case law from other district courts within the Tenth Circuit favors a wait-and-see approach, advising courts to resolve the relation-back question at the summary judgment stage given *Krupski*'s emphasis on the defendant's knowledge and the courts' need for a complete factual record of that knowledge. *See Gutierrez v. Doe et al.*, No. 2:25-cv-00290-KRS-JHR, 2025 WL 2689830, at *4 (D.N.M. Sept. 19, 2025); *Thompson v. Dolgencorp, LLC*, 304 F.R.D. 641, 644 (E.D. Okla. 2015); *Gonzales v. Brown*, No. 12-cv-495-JED-PJC, 2014 WL 4748604, at *8 (N.D. Okla. Sept. 23, 2014); *Horrell v. Cherokee Cnty. Gov. Bldg. Auth.*, No. 21-cv-96-JFH-GLJ, 2024 WL 4346715, at *2 (E.D. Okla. Sept. 30, 2024).

The other body of persuasive authority, containing the Second, Fifth, Sixth, Seventh, and Eighth Circuits, holds that lack of knowledge of a John Doe defendant's identity is not a "mistake," even following the expanded interpretation of that term in *Krupski*, and therefore does not allow relation back for the addition of defendants previously identified with a John Doe placeholder. *See Ceara v. Deacon*, 916 F.3d 208, 213–14 (2d Cir. 2019); *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 470–71 (5th Cir. 2019); *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 605 (6th Cir. 2025); *Herrera v. Cleveland*, 8 F.4th 493, 498–99 (7th Cir. 2021); *Heglund v. Aitkin Cnty.*, 871 F.3d 572, 579–81 (8th Cir. 2017). In other words, these post-*Krupski*

cases support the conclusion that the Tenth Circuit came to in *Garrett* and prohibit relation back for all John Doe substitutions.

The Tenth Circuit has not spoken on this issue after *Krupski*, which means that only persuasive authority guides the Court in determining whether *Krupski* effectively abrogated *Garrett's* categorical bar on relation back for John Doe substitutions. I find the analysis of the Third Circuit and district courts within the Tenth Circuit more persuasive. *Garrett* explicitly upheld a district court's conclusion that "as a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of [Rule 15(c)(1)(C)(ii)]." 362 F.3d at 696. The Tenth Circuit's focus in *Garrett* on "a plaintiff's lack of knowledge" is, under *Krupski*, decidedly not the proper inquiry. *Krupski* states,

> By focusing on [the plaintiff's] knowledge, the Court of Appeals chose the wrong starting point. The question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error.

560 U.S. at 548. Accordingly, this Court agrees with the Third Circuit and the district courts within the Tenth Circuit that relation back is permissible in the case of John Doe substitutions if the entering defendants otherwise meet the requirements of Rule 15(c).

### B.  The requested amendment to substitute John Doe defendants is not futile.

Having determined that it is legally possible for amendments to substitute John Doe defendants to relate back, the Court moves to the question of whether relation back is appropriate in this instance. At the pleading stage under a futility analysis, the Court concludes that it is.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015). Here, the reason cited for

8

futility is the statute of limitations, which can be resolved through a Rule 12(b)(6) analysis for failure to state a claim upon which relief can be granted. *See Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). The Court therefore applies the Rule 12(b)(6) standard to determine whether the proposed amended complaint would be subject to dismissal. *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022). Under this standard, the Court "accept[s] as true the well-pleaded factual allegations in the amended complaint and consider[s] them in the light most favorable to [the plaintiff]." *Id.*

In the light most favorable to Mr. Pacheco, the nurse previously identified as Jane Doe, Rosanna Lopez, should have known that the present action would have been brought against her if not for a mistake concerning her identity. The initial complaint discusses the inaction of the Wexford medical providers and specifically notes that Mr. Pacheco complained of chest and back pain on June 23, 2022—the date Ms. Lopez is now alleged to have examined him and heard those complaints. *Compare* Doc. 1-2 at 7 (original complaint) *with* Doc. 47-1 at 24 (proposed second amended complaint). At this early stage of the litigation and with all reasonable inferences in favor of Mr. Pacheco, Ms. Lopez should have known that she would have been included as a defendant if Mr. Pacheco had known her name.

Of course, subsequent facts may illuminate the issue more clearly. The Court takes particular note of the case law that endorses a "wait-and-see" approach to relation back following *Krupski*. *See Gutierrez*, 2025 WL 2689830, at *4; *Thompson*, 304 F.R.D. at 644; *Gonzales*, 2014 WL 4748604, at *8; *Horrell*, 2024 WL 4346715, at *2. If further discovery reveals a more robust factual record on the matter of Ms. Lopez's reasonable notice of this litigation, the parties may raise the statute of limitations issue down the line.

### C. Mr. Pacheco had good cause to file his motion to amend after the amendment deadline, and there was no undue delay or undue prejudice to the defendants.

Wexford next argues that Mr. Pacheco's motion to amend was filed after the Court's deadline to amend as noted in the May 28, 2025, scheduling order. Doc. 49 at 4–5. "[P]arties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so," which means that the movant must demonstrate that he cannot meet scheduling deadlines despite his diligent efforts. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014); *see also Interstate Medical Licensure Compact Comm'n v. Bowling*, 113 F.4th 1266, 1282 (10th Cir. 2024) ("A movant seeking amendment after the deadline must show good cause for the delay."). Mr. Pacheco states that he received "thousands of pages" of relevant discovery on May 27, 2025, and June 3, 2025. Doc. 47 at 1–2. He informed the Court on May 27, 2025, that he would request leave to name defendants once he reviewed the discovery. *Id.* at 1. Then, on July 22, 2025, he filed the present motion. *See generally id.* Mr. Pacheco's deadline to amend was July 3, 2025, which means that his filing was nineteen days late. *See* Doc. 41 at 2. Wexford cites to *Montoya v. New Mexico Corrections Department*, No. 1:22-cv-00265 KG-JHR, 2024 WL 4371289, which denied leave to amend when the plaintiff had had the relevant information to name the Doe defendants for six months. Doc. 49 at 4–5. Such circumstances differ considerably from the present case, which involved a delay of less than three weeks. Given the volume of documents, many of which were handwritten, Doc. 47 at 2, the Court concludes that Mr. Pacheco has demonstrated that he could not meet the deadline despite diligent efforts. Mr. Pacheco therefore has shown good cause.

Wexford also raises the issue of prejudice. Doc. 49 at 5–6. However, the entire basis of the prejudice argument is that Ms. Lopez lacked adequate notice and did not have the opportunity to timely obtain evidence for her defense. *Id.* At this stage, in the light most

10

favorable to Mr. Pacheco, Ms. Lopez should have known that she would have been named as a defendant if not for a mistake. *See supra*. Therefore, the Court finds that at this stage, the defendants are not unduly prejudiced. If further discovery provides more information about Ms. Lopez's notice of this lawsuit, the parties may raise the statute of limitations issue at a later point.

## II. Third MTA

Because the Third MTA was filed before the Court ruled on the Second MTA, the Third MTA contains the entirety of the Second MTA's argument plus a few additional arguments. For the reasons stated above, the Court grants all components of the Third MTA that appeared in the Second MTA.

The Third MTA seeks to add another Wexford employee, Eugenia Manrique, as a defendant. Ms. Manrique is alleged to have negligently supervised and directed Ms. Lopez, the Doe substitution discussed above who is alleged to have provided inadequate medical care to Mr. Pacheco, on June 23, 2025—the day before Mr. Pacheco was hospitalized. Doc. 54-1 at 24–25. For the same reasons as discussed above, the Court finds that 1) Doe substitutions may relate back if the other requirements of Rule 15 are met, and 2) in the light most favorable to Mr. Pacheco, Ms. Manrique should have known that she would have been named as a defendant if Mr. Pacheco had known her name. Further information about Ms. Manrique's notice of this lawsuit may serve as the basis of a subsequent motion if appropriate. The Court also finds, for the same reasons as discussed above, neither unfair prejudice nor timeliness concerns appropriately prohibit amendment here. Although the delay in naming Ms. Manrique was two months rather than three weeks, the volume and illegibility of the relevant discovery documents serve as the basis for good cause.

The Third MTA also seeks to add two new claims: negligent maintenance of medical records, *id.* at 37, and spoliation of evidence, *id.* at 39. Mr. Pacheco asserts that he became aware of these issues during the discovery process and therefore could not have brought these claims earlier. Doc. 54 at 2. Wexford responds that Mr. Pacheco's attempt to add new claims is futile (or untimely)[2] because he "has had possession of the medical records at issue since the filing of the original complaint in this matter." Doc. 65 at 4. But Mr. Pacheco argues in reply that his possession of the documents was not sufficient for him to raise the new claims: he needed Wexford's answers to his interrogatories and requests for production. Doc. 68 at 5. He reports that many of the records were handwritten and illegible, and that based on its interrogatory responses, "Wexford itself cannot even tell who authored their own records." *Id.* Regarding the timeliness issue, the Court agrees with Mr. Pacheco: the interrogatory responses rounded out Mr. Pacheco's understanding of Wexford's record-keeping practices, including Wexford's alleged negligence and intent. *See* N.M. UJI 13-1650 (Elements of intentional spoliation of evidence under New Mexico law include, "By its conduct[, defendant's] sole intent was to disrupt or defeat a potential lawsuit."). It stands to reason that a defendant's alleged inability to determine who authored its own records may serve as valuable evidence to differentiate ordinary lax recordkeeping from negligence or an intentional tort. Accordingly, the fact that Mr. Pacheco waited until he received the relevant interrogatory responses does not indicate untimeliness.

Nor is it clear that the new claims are futile. Wexford's briefing discusses only the date of Mr. Pacheco's injury as the start of the limitations clock. *See* Doc. 65 at 3. But it is unclear

---

[2] Wexford states, "Plaintiff's attempt to add additional claims past the statute of limitations is futile." *Id.* However, its arguments relate both to futility (i.e., that the claims would be barred by the statute of limitations) and timeliness (i.e., that Mr. Pacheco possessed the information to bring these claims earlier but failed to do so). The Court addresses both.

whether the record-keeping and spoliation claims accrued on the same date. Further briefing and argument are necessary on this point before the Court can rule on the statute of limitations question; for now, based on the limited argument before it, the Court declines to find that the new claims necessarily must be time-barred and futile. If Wexford wishes to raise the statute of limitations as an affirmative defense against the new claims, it may do so through briefing at the summary judgment stage. *See Kogl v. Goodyear Tire & Rubber Co.*, No. 1:20-cv-01193-RMR-MDB, 2023 WL 7458358, at *9 (D. Colo. Mar. 13, 2023) (undeveloped argument denied without prejudice with leave for parties to raise more specific objections); *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299–1300 (10th Cir. 2018) (statute of limitations is affirmative defense, and "usual practice when defendants raise affirmative defenses" is for "first line of defense" to be "summary judgment, not dismissal on the pleadings").

## CONCLUSION

For the above reasons, the Court GRANTS both motions to amend (Docs. 47, 54). Mr. Pacheco is ordered to file his amended complaint on the docket no later than SEVEN DAYS from the entry of this Memorandum Opinion and Order. Nothing in this Memorandum Opinion and Order prohibits subsequent briefing and argument on the statute of limitations issue pertaining to any defendant.

It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE